

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-90,442-01 & WR-90,442-02

### EX PARTE DEREK LEE CASEY, JR., Applicant

### ON APPLICANT'S APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NOS. 12110-D & 12111-D FROM THE 350TH DISTRICT COURT
### TAYLOR COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER and MCCLURE, JJ., joined.

### DISSENTING OPINION

In this post-conviction application for writ of habeas corpus, Applicant challenges his guilty pleas for two instances of aggravated assault on a public servant—here, two police officers—under Section 22.02(b)(2)(B) of the penal code. TEX. PENAL CODE § 22.02(b)(2)(B). Under that provision, an actor must "know" that his victim is a public servant. *Id.* Applicant alleges that, prior to his guilty plea, the State concealed the fact that at least one of the two police officers he shot at could testify (indeed, *did* testify at the punishment hearing that followed his guilty plea) that the officers had not announced their

status as police officers to Applicant before he fired. Today, the Court grants Applicant relief. I disagree, and I therefore dissent.

The Court's per curiam opinion seems to decide that Applicant's plea was involuntary because of a violation of the State's duty to turn over material exculpatory evidence as required by the United States Supreme Court opinion in *Brady v. Maryland*, 373 U.S. 83 (1963). To support its ruling, the Court relies on *Brady v. United States*, 397 U.S. 742 (1970), a case about the voluntariness of a guilty plea. I disagree that applicant has shown himself entitled to relief under either a theory that a *Brady* violation occurred or that his plea was involuntary.

***Brady v. Maryland*:** To the extent the Court seems to rely on *Brady v. Maryland*, that reliance is troubling. "It is unclear whether or not *Brady v. Maryland* goes so far as to render guilty pleas involuntary if the prosecution does not disclose exculpatory information at the time of the plea[.]" *Ex parte Palmberg*, 491 S.W.3d 804, 814 n.18 (Tex. Crim. App. 2016). If the Court purports to grant relief based upon *Brady v. Maryland*, it does so without either clarifying that this *Brady* does indeed apply to guilty pleas, and explaining why, or else describing how we have resolved the question of its applicability since *Palmberg*.

***Brady v. United States*:** We also observed in *Palmberg* that a guilty plea is not rendered involuntary simply because an accused does not appreciate the full dimensions of the State's case against him at the time of his plea. Quoting from *Brady v. United States*, we reiterated that there is "no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant thought[.]" 491 S.W.3d at 808 (quoting *Brady v. United States*,

397 U.S. at 757). That principle would seem to apply here. The fact that the uniformed police officers whom Applicant shot at did not expressly announce themselves to him beforehand might be *consistent* with a theory that he did not realize they were police, but it by no means definitively *proves* that he did not know they were policemen. Other circumstances of the case amply established Applicant's knowledge and specific intent. And Applicant's failure to realize that the State's case was not quite as strong as he might have thought when he pled does not alone serve to demonstrate that his plea was not voluntary.

It turns out that Applicant actually was fully cognizant that he was firing at police officers. In fact, it seems entirely clear now that he was attempting to engage in what has become known as "suicide by cop." At the post-plea punishment hearing, he readily admitted his awareness:

Q. Okay. You saw they were police officers?

A. Yes.

Q. You could see the guns in their hands so you could also see that they were police?

A. Yes.

* * *

Q. No question it was police, right?

A. Right.

He explained: "I saw my life free from depression, free from pain, free from drug addiction, in the form of those two officers with guns in their hands. * * * I fired high, trying just to provoke them to kill me."

I do not mean to suggest that this after-the-plea testimony stands as irrefutable proof that Applicant would still have pled guilty had he been aware before he pled that one of the police officers could testify that the officers did not announce themselves. But it is at least *consistent* with the theory that Applicant would *not* have insisted on going to trial, and that he would have instead persisted in his guilty plea. The circumstantial evidence would have readily supported an inference of knowledge regardless of whether the officers had explicitly informed Applicant that they were police officers before he shot at them. That being the case, I cannot conclude that this undisclosed information was "material" in the sense that it was so dramatically exculpatory as to have likely changed Applicant's plea from guilty to not guilty. *Cf. Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court is mistaken to conclude otherwise.

I respectfully dissent.


FILED:                January 27, 2021
DO NOT PUBLISH